UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHARLES WEEDMAN, JR.                                                                 Plaintiff,

v.                                                                      Civil Action No. 3:17-cv-762-DJH

M. JOHNSON,                                                              Defendant.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Charles Weedman, Jr., initiated this *pro se* civil rights action against Bullitt County Police Officer M. Johnson. Because Plaintiff's claims were related to an ongoing state-court criminal proceeding, the Court entered an Order staying the action pending the resolution of the state-court case. Plaintiff has now filed a letter in which he indicates that "all the charges were dropped on me" and asks "this Honorable Court to make a ruling on this case since it is over an done" (Docket No. 25). He attaches to the filing the Bullitt Circuit Court's Order of dismissal without prejudice of the criminal case against him (DN 25-1). The Court construes Plaintiff's letter as a motion to lift the stay in this action, and **IT IS HEREBY ORDERED** that this motion (DN 25) is **GRANTED**.

The Court will now screen Plaintiff's complaint and amended complaint pursuant to 28 U.S.C. § 1915A.

**I.**

In the complaint, Plaintiff alleges that Defendant Johnson violated his constitutional rights on October 21, 2017, by failing to ask Plaintiff for permission to search the car he was driving and by failing to "read my rights to me." Plaintiff indicates that he was arrested after the officer found "a small amount of meth and pot hide in the car witch was not mine."

Plaintiff has also filed an amended complaint in which he claims that Defendant Johnson:

> gave false information to get me indicted such as me knowing the car I was driving had expired tags on no insurance . . . an I did not know the tags were out this was not my care . . . the officer also said the car was mine it is in Cory Snell's name I was only borrowing it to take his kids my grandkids back to there foster parents . . . The officer said the drugs were found on me. This is not true . . . .

The records provided by Plaintiff from his state-court criminal proceedings indicate that, in December 2017, Plaintiff was indicted by a Bullitt County grand jury for operating a motor vehicle with "no/expired" tags; no motor vehicle insurance; illegal possession of a controlled substance in the first degree (methamphetamine); illegal possession of a controlled substance (marijuana); and illegal use or possession of drug paraphernalia. (DN 7-1, pp. 6-8). However, as stated above, the criminal charges have been dismissed.

In neither the complaint nor the amended complaint does Plaintiff indicate in what capacity he sues Defendant Johnson.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action under 28 U.S.C. § 1915(e)(2). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Fifth Amendment Claim**

Plaintiff claims that his rights were violated when Defendant Johnson failed to "read my rights to me."

The Self-Incrimination Clause of the Fifth Amendment requires that "[n]o persons . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. In *Miranda v. Arizona*, 384 U.S. 436 (1966), the Supreme Court held that the prohibition against compelled self-incrimination requires a custodial interrogation to be preceded by advice that the accused has the right to remain silent, that any statement may be used against him, and that he has the right to retained or appointed counsel. *Id*. at 479. However, a "mere failure to give *Miranda* warnings does not, by itself, violate a suspect's constitutional rights. . . ." *United States v. Patane*, 542 U.S. 630, 641 (2004). Indeed, a *Miranda* claim only becomes actionable under § 1983 when a statement elicited in the absence of those warnings is used in a criminal proceeding. *Chavez v. Martinez*, 538 U.S. 760, 767 (2003) (internal citations omitted). As the Sixth Circuit has made clear, "'mere coercion does not violate the . . . Self-Incrimination Clause absent use of the compelled statements in a criminal case.' It is only once compelled incriminating statements are used in a criminal proceeding . . . that an accused has suffered the requisite constitutional injury for purposes of a § 1983 action." *McKinley v. City of Mansfield*, 404 F.3d 418, 430 (6th Cir. 2005) (quoting *Chavez*, 538 U.S. at 772-73); *see also Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005) (dismissing § 1983 claim where the complaint failed to indicate that the plaintiff's statements were used against him in a court proceeding).

Thus, to state a claim for relief, Plaintiff must allege that Defendant Johnson not only violated *Miranda*, but then introduced the evidence obtained from that violation in a court

4

proceeding, thus violating Plaintiff's right against self-incrimination. Because Plaintiff has made no such allegation here, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

**B. Fourteenth Amendment Claim**

Although it is unclear what constitutional claim Plaintiff is asserting against Defendant Johnson based upon his allegedly false testimony before the grand jury, the Court construes it as a Fourteenth Amendment due process claim. This claim, however, is barred.

"It is well-settled that that witnesses are granted absolute immunity from suit for all testimony provided in judicial proceedings." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999) (citing *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983)); *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432, 442 (6th Cir. 2006) ("[A]bsolute witness immunity applies to witness testimony before a grand jury."); *see also Rehberg v. Paulk*, 566 U.S. 536 (2012).

Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

**C. Fourth Amendment Claims**

The Court construes Plaintiff's allegations as asserting that Defendant Johnson violated his Fourth Amendment rights by searching the car he was driving and then arresting him. Upon review, the Court finds that these claims could proceed against Defendant Johnson in his individual capacity. However, because Plaintiff does not indicate in what capacity he sues Defendant Johnson, the Court will order Plaintiff to amend his complaint to indicate that he is suing Defendant Johnson in his individual capacity.

**IV.**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Fifth and Fourteenth Amendment claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff shall file an amended complaint in which he indicates that he is suing Defendant Johnson in his individual capacity.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff the second page of a Complaint for Violation of Civil Rights (Non-Prisoner) with this case number and the word "Amended" written on it. If Plaintiff returns this form to the Court, the **Clerk of Court** is **DIRECTED** to docket it as an amended complaint.

**Plaintiff is WARNED that should he fail to return the second page of the amended complaint within 30 days indicating that he is suing Defendant Johnson in his individual capacity, this action will be dismissed for failure to comply with an order of the Court.**

If Plaintiff files the amended complaint indicating that he is suing Defendant Johnson in his individual capacity, the Court will enter a Service and Scheduling Order to govern the Fourth Amendment claims it is allowing to proceed against Defendant Johnson.

Date: April 29, 2019

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
Defendant
Bullitt County Attorney
4415.011